**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALLSTATE INSURANCE CO.,

Plaintiff,

v.

MERI NASKIDASHVILI, PAATA DONADZE, and KHATUNA DONADZE,

Defendants.

CIVIL ACTION

No. 07-4282

## OPINION

Plaintiff Allstate Insurance Company seeks a declaratory judgment that it has no duty to defend or indemnify defendants Paata Donadze and Khatuna Donadze in a tort action brought by defendant Meri Naskidashvili in the Philadelphia County Court of Common Pleas. Now before the court is Allstate's motion for summary judgment. For the reasons that follow, plaintiff's motion will be denied.

## I. BACKGROUND

### A. Facts

This case arises from Meri Naskidashvili's fall down the basement steps of Paata and Khatuna Donadze's home. Ms. Naskidashvili is Khatuna's mother and a citizen of the country of Georgia. She was issued a six-month visa on December 9, 2004, to come

from Georgia to the United States to visit her family. Naskidashvili Dep. at 15. During this visit, she stayed with her daughter Khatuna, son-in-law Paata, and grandson David at their home at 10820 Kelvin Avenue, Philadelphia, PA, 19116. Naskidashvili Dep. at 15. On March 17, 2005, Ms. Naskidashvili was descending the basement steps when she slipped and fell. She suffered personal injuries, including a broken left arm, a fractured left hip, a pulmonary embolism, internal bleeding, and bruising, which required hospitalization at Frankford Torresdale Hospital as an inpatient from March 19 to April 1 and later required convalescent and in-patient nursing care. Defs.' Ex. A at 2. She has ongoing medical consequences resulting from these injuries.

Paata Donadze, at the time of the accident, was the named insured on a homeowners' insurance policy ("the policy") purchased through plaintiff Allstate Insurance Company ("Allstate"). Compl. Ex. A. The Donadzes must have notified Allstate about Ms. Naskidashvili's accident (though the record does not contain information as to how this notification took place), because on April 21, 2005, Allstate sent a letter notifying them that Allstate was "reserv[ing] all rights and defenses" in conjunction with the policy. Compl. Ex. D.

On January 8, 2007, Ms. Naskidashvili filed a complaint against the Donadzes in the Court of Common Pleas of Philadelphia County, alleging that their negligence in maintaining their home caused her accident. *See* Compl. Ex. C. Allstate retained counsel to represent the Donadzes in the Court of Common Pleas. Allstate then filed this

declaratory judgment action on October 15, 2007, seeking an order that it is not required to indemnify or defend the Donadzes in the action in the Court of Common Pleas. On March 24, 2008, after a period of discovery, Allstate filed the instant motion for summary judgment.

**B. The Policy**

Section II of the Policy deals with "Family Liability and Guest Medical Protection." Compl. Ex. A. The first part of this section commits Allstate to

> pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an occurrence to which this policy applies, and covered by this part of the policy.

Compl. Ex. A. at 18 (emphasis in original). Exclusions apply, however. Under paragraph 2,

> [Allstate does] not cover **bodily injury** to an **insured person** or **property damage** to property owned by an **insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

*Id.* (emphasis in original). Additionally,

> [Allstate does] not cover **bodily injury** to any insured person or regular resident of the insured premises. However, this exclusion does not apply to a residence employee.

*Id.* at 20 (emphasis in original).

The policy elsewhere informs the policyholder that the term

> insured person(s) [] means you and, if a resident of your household: a) any relative; and b) any dependent person in your care.

*Id*. at 2.

The policy therefore provides coverage for bodily injuries sustained by guests but not for injuries sustained by residents. Allstate contends that Ms. Naskidashvili was a resident in the Donadze's home; defendants argue that Ms. Naskidashvili was only a guest. If Ms. Naskidashvili is a resident, because she is a relative of the policy holders, then she is an "insured person," and Allstate will not be required to defend and indemnify the Donadzes or provide coverage for the medical expenses resulting from Ms. Naskidashvilli's fall. If she is not a resident, Allstate must defend and indemnify the Donadzes, and Ms. Naskidashvili's medical expenses will be covered to the extent they are reasonable.

## II. DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see IFC Interconsult, AG v. Safeguard Int'l Partners, L.L.C.*, 438 F.3d 298, 317 (3d Cir. 2006). A genuine issue of material fact exists where the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over facts is material where it could affect the outcome of the case. *Belitskus v. Pizzingrilli*, 343 F.3d 632, 639 (3d Cir. 2003).

In a declaratory judgment action requesting that the court provide the proper

construction of an insurance policy, the first step is normally to determine whether the policy term in question is ambiguous. *St. Paul Fire and Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991). If the term is unambiguous, then it must be given its plain meaning. If the term is ambiguous, then it must be construed in favor of the policy holder. *Id.*

That first step is truncated here, however, because defendants concede that the term "resident" is not ambiguous. Defs.' Br. at 2. They also agree that Pennsylvania courts have defined "residence" to require only physically living in a particular place. *Id.* They contend, however, that various factors must be examined to make the factual determination of whether an individual is a "resident" at a particular location, thus making the issue one that is not susceptible of resolution at the summary judgment phase.

The Pennsylvania courts, in analyzing similar questions about insurance coverage, have noted that the "classical" definition of residence requires "[l]iving in a particular place, requiring only physical presence." *Krager v. Foremost Ins. Co.*, 450 A.2d 736, 738 (Pa. Super. Ct. 1982). "Residence" stands in contrast with "domicile," which is "that place where a man has his true, fixed and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning." *Id.* A person's intentions, whether intent to remain in a location or intent to move on elsewhere, are irrelevant in the residency analysis. *Amica Mut. Ins. Co. v. Donegal Mut. Ins. Co.*, 545 A.2d 343, 347 (Pa. Super. Ct. 1988). Similarly, a person's own identification of the place

she calls "home" or her "residence" is not determinative. *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 968 (Pa. Super. Ct. 2007). However, "the term 'resident' or 'residency' requires, 'at the minimum, some measure of permanency or habitual repetition.'" *Id.* at 965 (*citing Erie Ins. Exch. v. Weryha*, 931 A.2d 739, 744 (Pa. Super. Ct. 2007).[1] Courts have looked at factors such as where an individual sleeps, takes her meals, receives mail, and stores personal possessions. *See St. Paul Fire and Marine Ins. Co.*, 935 F.2d at 1433; *Wall Rose Mut. Ins. Co.*, 939 A.2d at 966.

Plaintiff relies heavily on *Krager*, a case in which the Pennsylvania Superior Court found that Krager, an adult who resided in his own home in New York from November to April each year and lived with his mother in Pennsylvania from April to November each year, was a "resident relative" of his mother. The insurance policy in question in that case provided liability coverage for the named insured and resident relatives of the named

[1]The Pennsylvania Supreme Court has accepted these "classic" definitions of "domicile" and "residence." *In re Residence Hearing Before Bd. of School Directors, Cumberland Valley School Dist.*, 744 A.2d 1272, 1275 (Pa. 2000). The court in that case, which was interpreting the term "residence" as used in the Public School Code, 24 Pa. Stat. § 13-1302, also cited an older definition of "residence" as "a tarrying place for some specific purpose of business or pleasure." *Id.* (citing *In re Lesker*, 105 A.2d 376, 380 (Pa. 1954)). However, the court did not elaborate on this additional definition, which appears to have been included for the purposes of contrasting the terms "residence" and "domicile" as applied to the School Code. The source of the "tarrying place" definition is a case applying the Pennsylvania Constitution's requirement that members of the legislature "shall have been citizens and inhabitants of the State four years, and inhabitants of their respective districts one year next before their election (unless absent on the public business of the United States or of this State) and shall reside in their respective districts during their terms of office." Pennsylvania Const., Art. 2, § 5 (cited in *In re Lesker*, 105 A.2d 376, 380 (Pa. 1954)). In any event, neither the requirements of the School Code nor the requirements of the Pennsylvania Constitution are part of the matter presently before the court.

insured. Krager, who had been sued following a motor vehicle accident while staying at his mother's home, sought coverage under his mother's homeowner's insurance policy, which provided liability coverage for the insured person and that person's resident relatives. Declaring Krager a resident meant that he was covered by the policy, rather than excluded. In declaring Krager to be a resident of his mother's home, the court noted that because the insurance company had written the policy, "any ambiguity in its terms will be construed against it." *Krager*, 450 A.2d at 738. The opposite situation arises here–if Ms. Naskidashvili is declared to be a resident, she will be excluded from the type of coverage she seeks under the "guest medical protection" provisions of the policy.

Defendants, in turn, rely heavily on *Quincy Mut. Fire Ins. Co. v. Clyman*, 910 F. Supp. 230 (E.D. Pa. 1996), a case in which a determination that the individual was a resident would, as here, trigger the application of an exclusion from coverage. The court in *Quincy* held that a jury question existed as to whether a college student, who went to school in Arizona but had returned to his parents' home for the Christmas holiday, was a resident when he was injured by a fall down the stairs at that home. If the student, similar to Ms. Naskidashvili, was found to be a resident, then his medical expenses resulting from the fall would not be covered by his parents' homeowners insurance. The court focused on the requirement of "regular, personal contacts" with the home, and held that the record contained evidence tending to show these contacts and also tending to permit a jury to reach the opposite conclusion. *Id.* at 233. Accordingly, the court in *Quincy* denied

summary judgment.

The record in this case shows that Ms. Naskidashvili came to the United States from Georgia on a six-month visa to visit her family. Naskidashvili Dep. at 10. Before this trip, she had visited once before, in approximately 2002. Khatuna Donadze Dep. at 9. On the date of the accident, Ms. Naskidashvili had been staying at the Donadze home for almost three months. She kept her clothes there and slept there. She did not stay at any other locations in the United States. Naskidashvili Dep. at 15. There is some inconsistency in the record as to whether Ms. Naskidashvili had her own room in the Donadze house before the accident or whether she slept on a couch in the family room. Khatuna Donadze Dep. at 20; Ex. G. at 10-11.

While in the United States, Ms. Naskidashvili did not work, apply for a social security number, or seek any other form of United States-issued identification. Ms. Naskidashvili was accompanied on this trip by another relative (Paata Donadze's mother Marina Donadze), who also came to the United States on a six-month visa and who returned to Georgia as planned at the conclusion of the six month period. Khatuna Donadze Dep. at 8. Ms. Naskidashvili is retired from her job as a school teacher in Georgia and received a retirement pension. However, she apparently was obligated to receive those payments in person and did not receive those payments while she was in the United States nor communicate at all with the provider of the payments. Naskidashvili Dep. at 13-14.

The court cannot find, as a matter of law, that Ms. Naskidashvili was or was not a resident of the Donadze home. As in *Quincy*, issues of fact prevent the grant of summary judgment. *See* 910 F. Supp. at 232-33. There is some evidence that Ms. Naskidashvili could be considered a resident by virtue of her stay at the Donadze's home. This evidence includes the facts that she did not stay at any other locations during her visit to the United States, and she slept and took her meals at the Donadzes. On the other hand, there is evidence that her visit was just that–a temporary visit with no "measure of permanency." *See Wall Rose*, 939 A.2d at 965 (citing *Weryha*, 931 A.2d at 744). There are no indications that Ms. Naskidashvili took any other steps to hold out the Donadze house as her residence–she did not receive mail there, use the address as her own on any kind of documentation, or try to have her pension transferred there. Additionally, there is also no dispute that Ms. Naskidashvili had an absolute impediment to staying with her children in their home for an indefinite period of time–the expiration of her visa at the end of the six-month period.

The court is not permitted to weigh these respective pieces of evidence when resolving a motion for summary judgment. Rather, the court must conclude that reasonable fact-finders, viewing the competing evidence in the record, could come to different conclusions. *See, e.g., Strouss v. Fireman's Fund Ins. Co.*, 2005 WL 418036, *11-13 (Feb. 22, 2005) (finding that record was factually deficient to determine as a matter of law whether parents' household was college student's residence and holding a

bench trial on the residence issue).[2] Plaintiff's motion for summary judgment will be denied.

An appropriate order follows.

---

[2]Indeed, many of the cases dealing with these issues arise in situations where courts must determine whether adult children, often college students, are still to be considered residents of their parents' households, when they were presumably residents of the household at some time in the past. One court has noted that, generally, "under Pennsylvania law, the determination of a college student's residence pursuant to an insurance policy is a matter of fact for the factfinder." *Schultz v. Encompass Ins.*, 2003 WL 22519428, *11 (E.D. Pa. Oct. 8, 2003) (collecting cases from Pennsylvania and noting that "[t]he factual nature of the inquiry comports with the great weight of authority from other jurisdictions"). Though dealing with a different factual premise here, where a parent, a citizen of a foreign nation, is visiting her children in a home in which she had never previously lived, the court agrees that the "nature of the inquiry" is essentially factual, thus preventing an award of judgment as a matter of law.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| ALLSTATE INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>MERI NASKIDASHVILI, PAATA DONADZE, and KHATUNA DONADZE,<br><br>Defendants. | CIVIL ACTION<br><br>No. 07-4282 |
|---|---|

**ORDER**

**AND NOW**, this 16th day of February, 2009, for the reasons set forth in the accompanying opinion, it is hereby **ORDERED** that the motion of plaintiff Allstate Insurance Company for summary judgment on its declaratory judgment complaint against defendants Meri Naskidashvili, Paata Donadze, and Khatuna Donadze is **DENIED**.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.